IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY MONEY | : | CIVIL ACTION |
| v. | : | |
| WILLIAM WARD, et al. | : | NO. 02-3762 |

## REPORT AND RECOMMENDATION

THOMAS J. RUETER                                                November    , 2002
United States Magistrate Judge

      Presently before the court is petitioner's <u>pro se</u> petition for a writ of habeas corpus and Motion for Summary Judgment (Document No. 9).[1]  Petitioner is incarcerated at the State Correctional Institution at Graterford, Pennsylvania.  For the reasons stated below, the court recommends that Ground One of the petition be denied on the merits, and Ground Two of the petition be dismissed as procedurally defaulted.

## I.  BACKGROUND

      The following facts are undisputed.  On July 15, 1986, petitioner was convicted by a jury in the Court of Common Pleas of Allegheny County of corruption of minors and two counts of promoting prostitution.  On August 19, 1986, petitioner was sentenced to a term of imprisonment of nine and one-half to nineteen years.  Petitioner's minimum sentence expired on February 1, 1996.  The Pennsylvania Board of Probation and Parole (the "Board") reviewed petitioner for release on parole six times and denied parole on the following dates:  February 28,

---

[1] In his Motion for Summary Judgment, petitioner claims that he is entitled to judgment as a matter of law on the issues raised in his petition. (Document No. 9.)

1996, December 27, 1996, October 6, 1998, September 24, 1999, October 16, 2000, and November 2, 2001.

On December 16, 2001, petitioner filed a Petition for a Writ of Mandamus in the Pennsylvania Commonwealth Court raising the following issues: (1) the Board abused its discretion and arbitrarily applied impermissible factors to deny petitioner parole in violation of his constitutional rights; (2) the Board abused its discretion when it denied petitioner parole based on the statute concerning parole, 61 Pa. Cons. Stat. Ann. §331.1; and (3) changes in parole policy violate the Ex Post Facto Clause. (Mem. of Law Opp. Pet. Ex. C at 3-9.) On December 28, 2001, the Commonwealth Court dismissed the petition. Money v. Pennsylvania Bd. of Probation and Parole, No. 637 M.D. 2001, order (Pa. Commw. Ct. Dec. 28, 2001). (Mem. of Law Opp. Pet. Ex. D.) Petitioner's subsequent notice of appeal filed in the Pennsylvania Supreme Court was "quashed as untimely" by order dated May 3, 2002. Money v. Pennsylvania Bd. of Probation and Parole, No. 17 EAP 2002, order (Pa. May 3, 2002). (Mem. of Law Opp. Pet. Ex. E.)

Petitioner then filed the instant petition for a writ of habeas corpus stating two grounds for relief: (1) petitioner was denied a fair and impartial parole hearing because the Board used impermissible and erroneous criteria to deny petitioner parole; and (2) the parole guidelines and statutes used by the Board to deny petitioner parole were not in place at the time of petitioner's imprisonment and, therefore, violated the Ex Post Facto Clause of the United States Constitution. (Petition at 9-10.)

II.   **DISCUSSION**

    A.   **Ground One - Petitioner Was Denied A Fair and Impartial Parole Hearing.**

Petitioner's first claim could best be interpreted as a claim that his due process rights under the Fourteenth Amendment have been violated.[2] The Fourteenth Amendment requires that a state not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. It is clear that the Fourteenth Amendment requires due process, whether procedural or substantive, only where a state interferes with a protected liberty interest. Reno v. Flores, 507 U.S. 292, 301-02 (1993); Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989). The Constitution does not give a convict a liberty interest in parole protected by the Fourteenth Amendment. Greenholtz v. Nebraska Penal Institution, 442 U.S. 1, 7 (1979).

States may create a liberty interest protected by the Fourteenth Amendment. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Pennsylvania has not given inmates a liberty interest in parole. Bonilla v. Vaughn, 1998 WL 480833, at *8 (E.D. Pa. Aug. 14, 1998) ("Because a decision as to parole eligibility rests solely in the discretion of the Board, inmates in Pennsylvania have no state created liberty interest in the grant of parole."); Cohen v. Horn, 1998 WL 834101, at *3 (E.D. Pa. Dec. 2. 1998) ("It is well-established that in Pennsylvania, prisoners have no liberty interest in a parole decision. Because the [Parole Board] has complete discretion to grant or deny parole on the expiration of a prisoner's minimum sentence, a prisoner has no justifiable expectation of parole, or 'legitimate claim of entitlement' to parole that gives rise to a

---

[2]  Respondent addressed the merits of the first ground for relief raised by petitioner in the petition; this court will as well. (Mem. of Law Opp. Pet. at 2-11.)

liberty interest.") (citations omitted).  See also Rogers v. Bd. of Probation and Parole, 724 A.2d 319 (Pa. 1999); Weaver v. Bd. of Probation and Parole, 688 A.2d 766 (Pa. Commw. Ct. 1997); Reider v. Bd. of Probation and Parole, 514 A.2d 967 (Pa. Commw. Ct. 1986).

Since neither the United States Constitution nor Pennsylvania law gives petitioner a constitutionally protected liberty interest in parole, his failure to be released on parole does not deprive him of any rights under the Fourteenth Amendment due process clause.

### B. Ground Two – The Board's Decision Violates the Ex Post Facto Clause.

It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 847 (1999).[3]  When a petitioner cannot obtain state court review of his claims because of noncompliance with state procedural rules, the doctrine of procedural default generally bars federal habeas corpus review.  Coleman v. Thompson, 501 U.S. 722, 729-32, 735 n.1 (1991).  Upon a finding of procedural default, review of a federal habeas petition is barred unless the habeas petitioner can show that "(1) the procedural rule was not independent and adequate; (2) cause for his failure to comply with state procedural rules and prejudice resulting therefrom; or (3) that a fundamental miscarriage of justice will occur if not considered."  Peterkin v. Horn, 176

---

[3]     On May 9, 2000, the Pennsylvania Supreme Court issued an order ("Order 218"), making Pennsylvania Superior Court appellate decisions complete exhaustion for federal habeas corpus cases.  Order 218 does not apply to Pennsylvania Commonwealth Court decisions.  Additionally, by its very terms, Order 218 applies only to "appeals from criminal convictions or post-conviction relief matters."  The instant matter raising claims regarding parole is not covered by Order 218.  See Order No. 218, Jud. Admin. Doc. No. 1, captioned: "In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases."

F. Supp. 2d 342, 353 (E.D. Pa. 2001). See also Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996) (same).

A state procedural rule provides an independent and adequate basis for precluding federal review of a state prisoner's habeas claims if: "(1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state court's refusal in this instance is consistent with other decisions." Doctor, 96 F.3d at 683-84. "A state [procedural] rule is adequate only if it is 'consistently and regularly' applied." Id. at 684.

Petitioner can demonstrate cause for procedural default if he can show that some objective factor external to the defense impeded or prevented his ability to comply with the state procedural rules. Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir.), cert. denied, 504 U.S. 944 (1992). To show prejudice, petitioner must present evidence that this factor did more than merely create a possibility of prejudice; it must have "worked to [petitioner's] actual and substantial disadvantage." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Additionally, the fundamental miscarriage of justice exception to procedural default is only concerned with "actual" innocence, and petitioner must show that it is more likely than not that no reasonable juror would have convicted him absent the claimed error. Schlup v. Delo, 513 U.S. 298, 327 (1995).

Petitioner raised his ex post facto claim in his petition for a writ of mandamus filed in the Commonwealth Court. See Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001). As stated above, on December 28, 2001, the Commonwealth Court dismissed the petition. Petitioner's subsequent notice of appeal filed in the Pennsylvania Supreme Court was "quashed

as untimely" by order dated May 3, 2002. Rejection of an appeal as untimely is based on proper state procedural grounds. Coleman, 501 U.S. at 729-30, Hull v. Freeman, 991 F.2d 86, 91-92 (3d Cir. 1993).

Petitioner has not asserted "cause" for his failure to timely appeal the Commonwealth Court's denial of his mandamus petition. Nor has petitioner established that a fundamental miscarriage of justice will occur. Petitioner does not assert that he is actually innocent of the crimes for which he was convicted.

Consequently, petitioner has not exhausted his state court remedies with respect to this claim. Since he no longer has any state remedies, petitioner's ex post facto claim is procedurally defaulted. Petitioner's habeas petition should be dismissed.

Accordingly, for all the above stated reasons, the court makes the following:

## R E C O M M E N D A T I O N

AND NOW, this         day of November, 2002, it is respectfully recommended that the petition for a writ of habeas corpus be DISMISSED, petitioner's Motion for Summary Judgment (Document No. 9) be DENIED, and that no certificate of appealability be granted.

BY THE COURT:

_____
THOMAS J. RUETER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STANLEY MONEY                   :            CIVIL ACTION

v.                              :

WILLIAM WARD, et al.            :            NO. 02-3762

**O R D E R**

AND NOW, this        day of                    , 2002, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Thomas J. Rueter, United States Magistrate Judge, it is hereby:

**ORDERED**

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for a writ of habeas corpus is DISMISSED;

3. Petitioner's Motion for Summary Judgment (Document No. 9) is DENIED; and

4. A certificate of appealability is not granted.

BY THE COURT:

_____
JOHN P. FULLAM,        Sr. J.